IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George Michael Turner, | ) | Criminal Action No.: 4:11-cr-846-RBH |
| | ) | Civil Action No.: 4:12-cv-2332-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the Court is George Michael Turner's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255, *see* ECF No. 56, Petitioner's First Motion to Amend his Motion to Vacate, *see* ECF No. 64, Respondent's Motion for Summary Judgment, *see* ECF No. 72, Petitioner's Second Motion to Amend his Motion to Vacate, *see* ECF No. 79, and Petitioner's Third Motion to Amend his Motion to Vacate, *see* ECF No. 83.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On July 26, 2011, a federal grand jury returned a four count indictment against Petitioner. *See* Indictment, ECF No. 2. Count 1 charged Petitioner with possession with intent to distribute a quantity of cocaine base, a quantity of cocaine, and a quantity of marijuana. *See id*. at 1. Count 2 further charged Petitioner with using and carrying a firearm in relation to, and possessing it in furtherance of, a drug trafficking crime. *See id.* at 2. Count 3 further charged Petitioner with being a felon in possession of a firearm and/or ammunition on or about February 12, 2010. *See id.* Finally, Count 4 further charged Petitioner with being a felon in possession of a firearm and/or ammunition on or about July 3, 2010. *See id.* at 3.

On October 25, 2011, Petitioner entered into a written plea agreement. *See* Plea Agreement, ECF No. 37. In the plea agreement, Petitioner agreed to plead guilty to Count 3 of the indictment, one of the felon in possession charges, and in exchange the Government agreed to dismiss the remaining counts, Counts 1, 2, and 4, if Defendant complied with the terms of the agreement. *See id.* at 1–3.

On February 8, 2012, the Court accepted the plea agreement and sentenced Petitioner to a total term of 180 months imprisonment. *See* Minute Entry, ECF No. 48; Judgment, ECF No. 51. Petitioner also filed a waiver of appeal on February 8, 2012. *See* Waiver, ECF No. 49. An appeal has not been filed in this matter.

On August 15, 2012, Petitioner filed the instant Motion to Vacate. *See* ECF No. 56. Subsequently, on September 14, 2012, Petitioner filed a First Motion to Amend his Motion to Vacate. *See* ECF No. 64. On October 26, 2012, the Government filed a Motion for Summary Judgment, asserting that Petitioner's Motion was without merit. *See* ECF No. 72. An Order filed October 29, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. *See* ECF No. 74. The Government also filed a response in opposition to Petitioner's motion, and attached an affidavit of defense counsel in support. *See* ECF No. 73. Petitioner filed a reply in support of his motion on November 29, 2012. *See* ECF No. 76. Petitioner then filed a Second Motion to Amend his Motion to Vacate on January 28, 2013. *See* ECF No. 79. Finally, Petitioner filed a Third Motion to Amend his Motion to Vacate on July 1, 2013. *See* ECF No. 83.

Petitioner's Motion to Vacate alleges the following grounds for relief:

> **Ground 1**: Ineffective assistance of counsel he [sic] failure to file a timely notice of appeal.

>    **Ground 2**:   Ineffective assistance of counsel failure inadequate advice plea negotiation.
>
>    **Ground 3**:   Ineffective assistance of counsel failure to object to the 924(e) enhancement.

ECF No. 56 at 4–7.[1]

### APPLICABLE LAW[2]

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents

---

[1] In his First Motion to Amend, Petitioner also argues that "he should not be enhanced (4) levels for drugs that were dismissed." *See* ECF No. 64 at 2. He acknowledges that this argument would be more properly asserted in a 18 U.S.C. § 3582(c)(2) petition for modification of sentence, but sought to combine it with the motion to vacate since it was already pending. *See id.* In his Second Motion to Amend, Petitioner requests that the Court grant him leave to raise another claim for ineffective assistance of counsel: that defense counsel was ineffective for failing "to raise the claim that Mr. Turner's Second Degree Burglaries were not violent offenses as defined in the U.S.S.G. for an Armed Career Criminal." *See* ECF No. 79 at 1. Finally, in his Third Motion to Amend, Petitioner argues that his "Sixth Amendment right was violated and all the elements underlying his burglaries did not constitutes [sic] predicate offenses for the Armed Career Criminal." *See* ECF No. 83 at 1.

[2] It is undisputed that Petitioner's Motion to Vacate was timely filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

3

a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 Fed. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)).  However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 Fed. App'x 954, 955 (4th Cir. 2007).  Conclusory allegations contained within affidavits do not require a hearing.  *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007).  "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's Motion to Vacate alleges ineffective assistance of counsel.  Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255.  The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."  U.S. Const. amend. VI.  The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)).  In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 687–88, 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  A court applying the *Strickland* test may apply either prong first and does not

need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id.*

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak." *Smith v. State of S.C.*, 882 F.2d 895, 899 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id.* A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

## ANALYSIS

Petitioner first contends, under penalty of perjury, that "[h]is attorney was ineffective for failure to file a timely notice of appeal." *See* ECF No. 56 at 4, 13; ECF No. 56-1 at 2. Petitioner asserts that he "did instruct his attorney to file a timely notice of appeal just like in *Poindexter v.*

5

*United States*" and that he suffered prejudice by losing his appellate proceeding as a result of his attorney's alleged "unprofessional conduct." *Id.*

The Government responded, arguing that Petitioner's claim was contrary to the record in this case. The Government noted that, after his sentencing, Petitioner signed a document entitled "Right to Appeal" in which he indicated he had been notified of his right to appeal, had discussed this right with his attorney, and did not want to appeal. *See* Waiver, ECF No. 49.

The Government also provided an affidavit from Petitioner's counsel, William F. Nettles IV, in support of its motion. In his affidavit, counsel averred that "Mr. Turner did not want to file Notice of Appeal. He signed a document in court to that effect and that document was duly filed. I do not recall being told after that document was filed that Mr. Turner would like to . . . file Notice of Appeal." *See* Aff. of William Nettles, ECF No. 66 at 1. Counsel also attached a letter to his affidavit, which was sent from his office to Petitioner, that stated "[t]his also confirms that you **do not** wish to appeal." *See* Letter, ECF No. 66-1.

Petitioner replied to the Government's response, again arguing that "Mr. Nettles, IV, was aware that Petitioner (Turner), did want to appeal after the district court applied the sentence enhancement." *See* ECF No. 76 at 2. Petitioner also claims that he "had a consult firm [NLPA], and they contacted Mr. Nettles IV, on the behalf of Mr. Turner about his desire to appeal." *See id.* Petitioner asserts that counsel did visit him at the jail after sentencing but did not consult with him "about any advantages or disadvantages to process any farther on appeal." *See id.* Finally, Petitioner acknowledges that he received the letter from counsel, but claims that he misunderstood it. *See id.* at 3.

A primary issue in this matter, therefore, is whether the Petitioner asked trial counsel to file a notice of appeal and whether trial counsel was ineffective for failing to timely file a notice of

6

appeal.  The plea agreement signed by Petitioner did not have a waiver provision.  *See* ECF No. 37, at 6 (waiver provision struck out and modification initialed by the parties).  Accordingly, at the plea colloquy the Court merely asked Petitioner if he understood that "under some circumstances [he] or the Government may have the right to appeal any sentence that [the Court] might impose," and Petitioner stated that he did understand this.  *See* Plea Colloquy Transcript, ECF No. 37 at 31:11–17.  Moreover, at sentencing the Court reiterated that Petitioner "ha[d] the right to appeal," and instructed counsel to consult with him and "within 14 days file a notice of appeal or a signed waiver of appeal."  *See* Sentencing Transcript, ECF No. 68 at 8:22–9:4.

However, right after the sentencing hearing, Petitioner executed a form where he indicated that he was "notified by the Court of my right to appeal" and that he had "discussed this right with my attorney."  *See* ECF No. 49.  Petitioner checked the box on this form stating "I do not want to appeal" and signed his name at the bottom.  *See id.*  Moreover, defense counsel contradicts Petitioner's claim in his affidavit, stating that Petitioner did not want to file a Notice of Appeal and signed a document in Court to that effect.  *See* ECF No. 66 at 1.  Counsel also avers that he did not recall Petitioner ever indicating that he wished to rescind the waiver and file a Notice of Appeal.  *See id.*  Finally, he notes that his office sent a letter to Petitioner confirming that he did not wish to appeal.  *See* ECF No. 66-1.

Despite this evidence in the record, Petitioner's statement in his motion to vacate that he requested defense counsel file a notice of appeal was made under penalty of perjury.  Therefore, there is conflicting sworn testimony as to whether the Petitioner made such a request.  Accordingly, out of an abundance of caution, the Court will assume an appeal was timely requested by the Petitioner.

The Fourth Circuit has concluded that "a criminal defense attorney's failure to file a notice of appeal when requested deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). This deprivation of the right to appeal entitles Petitioner to relief under 28 U.S.C. § 2255. *See id.* The Fourth Circuit has further explained that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). Thus, an appeal must be filed when the client so desires, regardless of whether the plea agreement contains an appeal waiver. *See id.* Furthermore, the Fourth Circuit has noted that "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Id.* at 269 (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

When faced with such an allegation from a habeas petitioner, the Court may vacate the judgment of conviction and immediately enter a new judgment from which a direct appeal may be taken. *See Peake*, 992 F.2d at 42; *see also Holmes v. United States*, No. 4:06-cr-1319-RBH, 2010 WL 1791256, at *1 (D.S.C. May 3, 2010). This action will allow the petitioner to make a timely appeal pursuant to the Federal Rules of Appellate Procedure.[3] *See* Fed. R. App. P. 4(b) & (c). Although Petitioner signed a document at sentencing indicating he did not want to appeal, he now states under penalty of perjury that he did instruct his attorney to file an appeal within the time period to file an appeal.

Accordingly, the Court will vacate the Petitioner's sentence of conviction and immediately reinstate and re-impose his conviction to permit the Petitioner a renewed opportunity to seek a

---

[3] Instead of holding a § 2255 evidentiary hearing, the Court will short-circuit the issue by offering the Petitioner another window within which to file a direct appeal.

direct appeal. The remainder of the Petitioner's claims are dismissed without prejudice to the Petitioner's right to file another habeas motion, if necessary, after a direct appeal. *See United States v. Killian*, 22 Fed. App'x 300, 300–01 (4th Cir. 2001). Moreover, Petitioner's motions to amend are also denied without prejudice to Petitioner's right to reassert the proposed grounds set forth in those motions in another habeas petition, if necessary, after a direct appeal. Because a criminal defendant has a right to counsel throughout the direct appeal,[4] the Court directs the Clerk to appoint counsel for the Petitioner to assist him with the pursuit of his direct appeal.

## Conclusion

The Court hereby vacates the Petitioner's judgment of conviction and enters a new judgment from which the Petitioner may appeal. Because the Petitioner is confined and will have a difficult time retaining an attorney, the Court finds that justice requires the appointment of an attorney to represent the Petitioner, and the Clerk is hereby authorized to take the necessary steps to have that done.[5] *See* 18 U.S.C. § 3006A.

Based on the foregoing, it is **ORDERED** that the Petitioner's sentence is **VACATED** and his judgment of conviction is **IMMEDIATELY RE-IMPOSED** and **REINSTATED** with the date of imposition of judgment being the filing date of this Order. The Clerk is directed to appoint counsel for the Petitioner to assist him with the pursuit of his direct appeal.

**IT IS FURTHER FURTHER ORDERED** that the remaining claims raised in the Petitioner's Motion to Vacate, ECF No. 56, are dismissed *without prejudice* to the Petitioner's right to file another habeas motion, if necessary, after a direct appeal.

---

[4] *See Douglas v. California*, 372 U.S. 353, 357–58 (1963) (holding that a criminal defendant has a right to counsel throughout the direct appeal).
[5] The Court is assuming that the Petitioner is not now represented by retained counsel.

9

**IT IS FURTHER ORDERED** that Petitioner's Motions to Amend, ECF Nos. 64, 79, and 83, are denied *without prejudice* to Petitioner's right to reassert the proposed grounds set forth in those motions in another habeas petition, if necessary, after a direct appeal

Accordingly, in light of the above, the Respondent's Motion for Summary Judgment, ECF No. 72, is **MOOT**.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
October 23, 2014