IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George Michael Turner, | ) | |
| | ) | Crim. No. 4:11-cr-00846-RBH-1 |
| Petitioner, | ) | C/A No. 4:16-cv-01527-RBH |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's [ECF #119] motion to vacate under 28 U.S.C. § 2255, and the parties' consent motion [ECF #121] for judgment in favor of Petitioner. Petitioner, George Michael Turner, who is represented by Brendan Barth, Esq., was originally sentenced to a mandatory minimum term of 180 months imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Petitioner now seeks resentencing alleging he no longer has three predicate convictions as required by the Armed Career Criminal Act in light of *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015). On April 18, 2016, the U.S. Supreme Court held that *Johnson*, which held that the definition of prior "violent felony" in the residual clause of the ACCA was unconstitutionally vague under due process principles, announced a substantive rule that applied retroactively on collateral review. *Welch v. United States*, ___ S.Ct.___, 2016 WL 1551144 (2016).

Having thoroughly reviewed the record in this case, and in light of the parties' consent motion for judgment in favor of Petitioner, **IT IS ORDERED** that

1. Petitioner's [ECF# 119] motion to vacate his sentence under 28 U.S.C. § 2255, and the parties' [ECF #121] consent motion for judgment, are **GRANTED**.

2. All remaining provisions of Petitioner's criminal judgment shall remain unchanged pending further orders of this Court.

3. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

4. The U.S. Probation Office shall prepare a Supplemental Presentence Report in advance of Petitioner's resentencing hearing and file the same in the criminal case.

5. The Clerk of Court shall appoint counsel for the Petitioner for the purpose of the resentencing hearing.

6. The Clerk of Court shall coordinate the date of the resentencing with Chambers.

7. The Clerk's Office shall notify the Petitioner, U.S. Attorney, Defense counsel, the U.S. Marshals Service, and the U.S. Probation Office of the date of the resentencing hearing.

8. The Clerk of Court is respectfully directed to certify copies of this Order to the Petitioner, Defense counsel, U.S. Attorney, the U.S. Marshals Service, and the U.S. Probation Office.

**IT IS SO ORDERED**.

May 27, 2016                                         s/ R. Bryan Harwell
Florence, South Carolina                         R. Bryan Harwell
                                                              United States District Judge